UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLES F. BISSITT, SANDRA BISSITT, GEORGE HAYEK, III, JUNE MATRUMALO, GERARD THIBEAULT, ARTHUR BOUCHARD, MARYANN BOUCHARD, ALDO CAPARCO, JANICE CAPARCO, JENNA CAPARCO, ROSE DELUCA, NICOLE MIRABELLA, PATRICIA POTHIER, PAUL POTHIER, MARSHALL VOTTA, VINCENT MATRUMALO, PAULA MATRUMALO, JENNIFER THOMAS, CHRISTINE DOUQUETTE, MARYANNE KLACZYNSKI, and all other persons similarly situated,
Plaintiffs

CA 06 220 T

v.

VERIZON COMMUNICATIONS, INC; BELLSOUTH CORPORATION, Alias
Defendants

C.A. 06-
CLASS ACTION

COMPLAINT FOR DAMAMGES DECLARATORY and INJUNCTIVE RELIEF

DEMAND FOR JURY TRIAL

**CLASS ACTION COMPLAINT FOR COMPENSATORY, DECLARATORY AND INJUNCTIVE RELIEF**

Now come the Plaintiffs by and through their attorneys and bring this action on behalf of themselves and all others similarly situated, and hereby state for their cause of action as follows:

## I. NATURE OF THE ACTION

1. By the instant action, the Plaintiffs challenge the legality of Defendants' disclosure to the government of their telephone and internet communications records, done without their authorization, without the authorization of a court, without the authorization of a warrant, without the authorization of an administrative subpoena, in violation of the First and

Fourth Amendments to the United States Constitution, and in violation of Federal Electronic Surveillance and Telecommunications statutes, most especially the Electronics Communications Privacy Act of 1986, as amended, codified at 18 U.S.C. §2701 et seq.

2. Primarily, the Plaintiffs aver that sometime as early as the fall of 2001, under the auspices of the National Security Agency ("NSA"), Plaintiffs' telephone and internet communications records were disclosed to the NSA without judicial review or approval, and without notice to Plaintiffs.

3. Plaintiffs are suing to enjoin this illegal conduct and hold Defendants responsible for these disclosures to the NSA, which disclosures have violated law and otherwise damaged the fundamental freedoms of the Plaintiffs and all those similarly situated.

## II. PARTIES

4. Plaintiff Charles F. Bissitt, a resident of North Providence, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

5. Plaintiff Sandra Bissitt, a resident of North Providence, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

6. Plaintiff, June Matrumalo, a resident of North Providence, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants telephone and communication services.

7. Plaintiff George Hayek, III, a resident of the City of Warwick, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants telephone and communication services.

8. Plaintiff Gerard Thibeault, a resident of the City of Cranston, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

9. Plaintiff Arthur Bouchard, a resident of Glocester, Rhode Island, at all material times was and is been a subscriber and user of one or more of the Defendants' telephone and communication services.

10. Plaintiff Maryann Bouchard, a resident of Glocester, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

11. Plaintiff Aldo Caparco, a resident of Scituate, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication sevices.

12. Plaintiff Janice Caparco, a resident of Scituate, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

13. Plaintiff Jenna Caparco, a resident of Scituate, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

14. Plaintiff Rose DeLuca, a resident of Providence, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

15. Plaintiff Nicole Mirabella, a resident of Providence, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

16. Plaintiff Patricia Pothier, a resident of Warwick, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

17. Plaintiff Paul Pothier, a resident of Warwick, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

18. Plaintiff Marshall Votta , a resident of Smithfield, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

19. Plaintiff Vincent Matrumalo, a resident of North Providence, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

20. Plaintiff Paula Matrumalo, a resident of North Providence, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

21. Plaintiff Jennifer Thomas, a resident of Cumberland, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

22. Plaintiff Christine Douquette, a resident of Cumberland, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

23. Plaintiff Maryanne Klaczynski, a resident of Warwick, Rhode Island, at all material times was and is a subscriber and user of one or more of the Defendants' telephone and communication services.

24. Defendant Bellsouth Corporation, is a Delaware Corporation, with a principal place of business located in Atlanta, Georgia and is a provider of electronic telecommunication services.

25. Defendant Verizon Communications, Inc., is a Delaware Corporation, with a principal place of business located in New York, New York and is a provider of electronic telecommunication services.

## III. JURISDICTION AND VENUE

16. This court has subject matter jurisdiction over the federal claims alleged pursuant to 18 U.S.C. §2701 et seq., the Electronic Communications Privacy Act of 1986, as amended, as well as the First and Fourth Amendments to the United States Constitution.

17. Plaintiffs believe and thereby allege that the Defendants have sufficient and substantial contacts with this district generally, and hence Defendants are subject to the exercise of jurisdiction by this court.

18. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b) and (c);

## IV. CLASS ACTION ALLEGATIONS

19. Pursuant to Federal Rules of Civil Procedures, Rule 23(a) and (b) Plaintiffs bring this action on behalf of themselves and all others similarly situated.

20. Plaintiffs aver that "those similarly situated" are all individuals that are current subscribers or current customers of the Defendants' telephonic and/or communications services at any time after September 2001.

21. Plaintiffs seek class certification for their claims of declaratory relief, injunctive relief, and compensatory damages.

22. Plaintiffs allege that the members of the class sought to be certified are so numerous that any joinder of individual actions would be impracticable. Indeed the precise numbers and addresses of prospective members of the class of customers and subscribers to Defendants' services, are unknown, but Plaintiffs reasonably estimate that such a class would consist of millions of members.

23. Plaintiffs allege that there is a well-defined community of interests in the questions of law and fact as presented that would affect all members of any certified class.

24. Plaintiffs' claims set forth herein, are typical of the claims of the members of the class of subscribers and/or customers to Defendants'

services. Indeed, all members of any such class have similarly suffered harm arising from the Defendants' violations of law, as alleged herein.

25. Plaintiffs are adequate representatives of any such class because their interests would not conflict with the interests of other members of the class they seek to certify and represent.

26. Plaintiffs have retained competent counsel, experienced in such complex litigation; Plaintiffs and their counsel will fairly and adequately protect the interest of all members of any certified class.

27. Plaintiffs allege that the common questions of law and fact predominate over any questions affecting any individual members of the class and further, that a class action is superior to any other available means for the fair and efficient adjudication of this dispute.

28. On an individual basis, the damages suffered by any one plaintiff may be relatively small, hence it would be virtually impossible for any class member, on an individual basis to obtain effective redress for the violations committed by the Defendants. Moreover, individual litigation presents a potential for inconsistent judgments, increases the delay and expense to all parties, and tends to overburden the court system.

## V. GENERAL ALLEGATIONS

## COUNT I

29. Plaintiffs and all those similarly situated, have a reasonable expectation of privacy in their communications, the contents of their

communications as well as the records pertaining to their transmitted communications, maintained, stored, or collected by Defendants.

30. Plaintiffs and all those similarly situated, have a reasonable expectation that when they use Defendants' communication services their individual rights to speak or receive speech anonymously and to associate privately, are not being impaired.

31. In relevant part, 18 U.S.C. §2702 provides that:

> (a) Prohibitions. – Except as provided in subsection (b) – (1) a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service, and (2) a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service – (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service; (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to assess the contents of any such communications for purposes of providing any services other than storage or computer processing . . . . .

32. On information and belief, Defendants knowingly disclosed to one or more persons or entities the contents of Plaintiffs', and all those similarly situated, communications while in electronic storage, in violation of 18 U.S.C. §§2702(a)(1) and/or (a)(2).

33. Defendants did not notify Plaintiffs, or any others similarly situated, of the disclosure of their private communications, nor did Plaintiffs or anyone similarly situated, consent to such disclosure.

34. On information and belief, Defendants have engaged in, are engaging in, and will continue to engage in the above-described disclosure of Plaintiffs' communications while in Defendants' electronic storage, and it is that likelihood that represents a credible and ongoing threat of immediate future harm.

35. Plaintiffs have been damaged and are aggrieved by Defendants' above-described disclosure of their communication records.

36. Pursuant to 18 U.S.C. §2707, which provides for a civil cause of action for persons damaged or aggrieved by knowing or intentional violation of 18 U.S.C. §2702, Plaintiffs seek such preliminary and other equitable or declaratory relief as may be appropriate, including, but not limited to the statutory damages of no less that $1,000.00 per violation as set forth in the statute, punitive damages as this court may deem appropriate in the circumstances, and reasonable attorneys fees and costs incurred.

**COUNT II**

37. Plaintiffs hereby incorporate by reference herein the allegations in the preceding paragraphs of this complaint.

38. In relevant part, 18 U.S.C. §2702 provides that:

> (a) Prohibitions. - Except as provided in subsection (b) – (3) a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by paragraph (1) or (2)) to any governmental entity.

39. On information and belief, Defendants, as providers of electronic communications service to the public, knowingly disclosed customer records and communications or other information of the Plaintiffs, and other similarly situated, to a governmental entity, namely the National Security Agency ("NSA") in violation of 18 U.S.C. §2702(a)(3).

40. Defendants did not notify Plaintiffs or any others similarly situated, of the disclosure of their private communications, nor did Plaintiffs or anyone similarly situated, consent to such disclosure.

41. On information and belief, Defendants have engaged in, are engaging in, and will continue to engage in the above-described disclosure of Plaintiffs communications while in Defendants electronic storage, and it is that likelihood that represents a credible and ongoing threat of immediate future harm.

42. Plaintiffs have been damaged and are aggrieved by Defendants' above-described disclosure of their communication records.

43. Pursuant to 18 U.S.C. §2707, which provides for a civil action cause of action for persons damaged or aggrieved by knowing or intentional violation of 18 U.S.C. §2702, Plaintiffs seek such preliminary and other equitable or declaratory relief as may be appropriate, including, but not limited to the statutory damages of no less that $1,000.00 per violation as set forth in the statute, punitive damages as this court may deem appropriate in the circumstances, and reasonable attorneys fees and costs incurred.

**COUNT III**

44. Plaintiffs hereby incorporate by reference herein the allegations of the preceding paragraphs of this complaint.

45. On information and belief, Plaintiffs and those similarly situated have a reasonable expectation of privacy in their communications, contents of their communications, and/or records pertaining to their communications transmitted, collected, and/or stored by Defendants.

46. On information and belief, Plaintiffs and those similarly situated use Defendants' communication services to speak or receive speech anonymously and to associate privately.

47. On information and belief, the above- described disclosures by Defendants and/or use of Plaintiffs', and others similarly situated, communications, contents of communications, and records pertaining to their communications occurred without judicial or other lawful authorization, probable cause, and/or individualized suspicion.

48. On information and belief, at all relevant times, the government instigated, directed, and/or tacitly approved the above-described disclosures of Defendants.

49. In complying with the government's request for disclosures, Defendants failed to protect the First and Fourth Amendment rights of the Plaintiffs and others similarly situated.

50. By the acts alleged herein, Defendants in effect acted as an instrument or agent of the government, and thereby violated Plaintiffs', and others similarly situated, right to be free from unreasonable searches and

seizures as guaranteed them by the Fourth Amendment to the United States Constitution, and additionally violated Plaintiffs', and others similarly situated, rights to speak and receive speech anonymously and associate privately under the First Amendment.

51. On information and belief, Defendants acted knowingly and intentionally, with deliberate indifference, or with reckless disregard of Plaintiffs', and others similarly situated, rights.

52. Plaintiffs have been damaged and are aggrieved by Defendants' above-described acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully pray for relief as follows:

(a) That this court declare Defendants' actions in disclosing Plaintiffs' customer/subscriber communications and records all alleged herein, to be violative of applicable law including, but not limited to, 18 U.S.C. §2702.

(b) That this court declare that Defendants' actions have violated Plaintiffs' rights under the First and Fourth Amendments to the United States Consitution, and enjoin Defendants and their agents, successors and assigns from violating the Plaintiffs', and others similarly situated, rights under the First and Fourth Amendments to the United States Constitution.

(c) That this court certify a class action appointing Plaintiff Charles F. Bissitt as class representative and his attorneys, Revens Revens & St. Pierre, PC and DeLuca & Weizenbaum Ltd. as class counsel.

(d) That this court award such equitable relief, including but not limited to, a preliminary and permanent injunction prohibiting Defendants continued or future violations of applicable law as alleged;

(e) That this court award statutory damages to the extent permitted by 18 U.S.C. §2707 to each Plaintiff and all those similarly situated in the sum of $1,000.00 per violation, pursuant to 18 U.S.C. §2707(c);

(f) That this court award punitive damages to the extent permitted by law to each Plaintiff and all those similarly situated, as a consequence of the knowing or intentional disclosure by Defendants of Plaintiffs' records and communications.

(g) That this court award Plaintiffs' attorneys fees and other costs of suit to the extent permitted by law, pursuant to 18 U.S.C. §2707(b)(3);

(h) That this court grant such other and further relief as may be deemed meet and just in the circumstances.

**JURY DEMAND**

Plaintiffs hereby request a jury trial for all issues triable by jury.

5/15/06
Date

CHARLES F. BISSETT, et al.,
By their Attorneys,

Michael A. St. Pierre

Michael A. St. Pierre, Esquire (#2553)
REVENS REVENS & ST. PIERRE, PC
946 Centerville Road
Warwick, RI 02886
401-822-2900 (Telephone)
401-826-3246 (Fax)

Amato A. DeLuca

Amato A. DeLuca, Esquire (0531)
DELUCA & WEIZENBAUM, LTD.
199 North Main Street
Providence, RI 02903
401-453-1500 (Telephone)
401-453-1501 (Fax)