**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CHARLES F. BISSITT, SANDRA BISSITT, GEORGE HAYEK, III, JUNE MATRUMALO, GERARD THIBEAULT, ARTHUR BOUCHARD, MARYANN BOUCHARD, ALDO CAPARCO, JANICE CAPARCO, JENNA CAPARCO, ROSE DELUCA, NICOLE MIRABELLA, PATRICIA POTHIER, PAUL POTHIER, MARSHALL VOTTA, VINCENT MATRUMALO, PAULA MATRUMALO, JENNIFER THOMAS, CHRISTINE DOUQUETTE, MARYANN KLACZYNSKI and all other persons similarly situated,** <br> **Plaintiffs,** | : | |
| **v.** | : | **C.A. No. 06-220S** |
| **VERIZON COMMUNICATIONS, INC; BELLSOUTH CORPORATION,** <br> **Defendants.** | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT'S MOTION FOR A STAY OF ALL PROCEEDINGS PENDING RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

## ARGUMENT

There is no merit in Verizon Communications, Inc.'s motion for a stay of all proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on its motion to transfer this and other cases to a single district court for coordinated pretrial proceedings.

The pendency before the JPML of a motion to transfer pursuant to the multidistrict litigation ("MDL") statute—28 U.S.C. § 1407—does not entitle Verizon to a stay. Indeed, the JPML's rules of procedure expressly provide that the pendency of a transfer motion "does not affect or suspend orders and pretrial proceedings in the district court in which the

action is pending and does not in any way limit the pretrial jurisdiction of that court." J.P.M.L. R.P. 1.5. As in other cases in which transfer is sought, this express affirmation of the Court's authority most likely has been directly communicated to the Court in a letter from the Chairman of the JPML. *See,* Mem. Op. & Order 6/9/06 at 2; *Terkel v. AT&T Inc.,* No. 06C-2837 (N.D. Ill.)(Kennelly, J.)(citing 5/30/06 letter from JPML)(district court's "jurisdiction continues until any transfer ruling by the Panel becomes effective"); copy attached as Ex. A. Without constraint from the JPML, this Court's consideration of defendant's stay motion is directed to the discretionary "power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 249, 254, 57 S. Ct. 163, 166 (1936).

Verizon's argument here that the Court ought to exercise its discretionary power to stay all proceedings is unpersuasive. None of the 14 district courts affected by defendant's MDL motion have granted defendants a stay. Significantly, the two district courts that have been asked to rule on motions to stay pending the JPML's transfer ruling have rejected them. *See,* Mem. Op. & Order 6/9/06; *Terkel v. AT&T Inc.,* No. 06C-2837 (N.D. Ill.)(Kennelly, J.), Ex. A; Min. of Civ. Proceedings 6/7/06, *Harrington v. AT&T, Inc.,* No. AU:06-CV-00374-LY (W.D. Tex.)(Yeakel, J.); copy attached as Ex. B.

In at least two other districts, the courts have made clear that that they will consider and make significant substantive rulings while the MDL transfer motion is pending in actions challenging telecommunications providers' alleged release of information about their subscribers' domestic telephone conversations to the National Security Agency. Thus, while it is unclear whether a stay was sought, in the Eastern District of Michigan, the district court (Taylor-Diggs, J.), is now conducting hearings on potentially dispositive motions. *See,* Adam

Liptak, *U.S. Asks Judge to Drop Suit on N.S.A. Spying,* The New York Times, June 12, 2006.[1] In similarly advanced proceedings in the district court for the Northern District of California, the telecommunications defendant in that case—*Hepting v. AT&T Corp.,* No. C-06-0672-VRW (N.D. Cal.)(Walker, J.)—has not even sought a stay. *See,* Mem. Op. & Order 6/9/06 at 3; *Terkel v. AT&T Inc.,* No. 06C-2837 (N.D. Ill.)(discussing *Hepting*).

Given that actions in at least four districts outside Rhode Island are advancing against the AT&T defendants notwithstanding the pendency of Verizon's MDL motion (which requests MDL transfer of cases filed against both AT&T and Verizon), a stay here is plainly unwarranted, and would unjustly prejudice the Verizon plaintiffs by precluding them from similarly seeking immediate injunctive relief from the grave harm they claim—Verizon's unlawful disclosure to the government of plaintiffs' telephone and internet communications records. Depriving the Rhode Island plaintiffs and putative national-class representatives of the opportunity to seek immediate judicial remedies afforded to and being actively pursued by plaintiffs in similar cases in other districts during the pendency of Verizon's MDL motion ought to be summarily rejected by this Court as inequitable and plainly contrary to the interests of justice.

Illuminated by the foregoing, the particular arguments advanced by Verizon in support of its motion for stay clearly lack force. Foremost, there is no factual support whatsoever for Verizon's claim that a stay during the pendency of their MDL motion is necessary to avoid duplicative proceedings or to avert a waste of judicial resources. *See,* Def. Mem. at 5-7. Indeed, the notion that Verizon would be subject to duplicative proceedings pending a JPML ruling in the absence of a stay is flatly contradicted by its acknowledgment

[1] The cited article is available at http://www.nytimes.com/2006/06/12/washington/12cnd-nsa.html?_r=2&oref=slogin&pagewanted=print&oref=slogin (last visited on June 13, 2006). For ease of reference, a copy is attached as Ex. C.

that Verizon has "not yet answered or otherwise responded to the complaint in this case or any of the other complaints that have been filed against it." Def. Mem. at 9. This statement is consistent with plaintiffs' understanding and belief that Verizon has obtained agreements from most, if not all, plaintiffs in other cases filed against it to voluntarily stay proceedings pending a transfer ruling by the JPML. Given this near-universal armistice in cases other than the within action, Verizon's claim that a stay is necessary in this case to avoid subjecting it to duplicative proceedings and inconsistent rulings is plainly unfounded. As such, Verizon's assertion that it would be unfairly prejudiced if a stay is denied because it would be forced to simultaneously litigate multiple suits in multiple courts "in each of the many putative class actions now pending against it," Def. Mem. at 7, is unconvincing.

Similarly flawed is Verizon's claim that allowing proceedings to go forward in this case during the pendency of their MDL motion would be a waste of this Court's resources. *See,* Def. Mem. at 5. First, compelling Verizon at the very least to answer the complaint (a responsive pleading which their stay motion seeks to avoid), requires no expenditure and, concomitantly, no waste of judicial resources whatsoever. Second, Verizon's waste argument presumes that the JPML will assign the Rhode Island cases to be heard by a judge in another district, who will automatically vacate this Court's orders. The JPML's decision whether to transfer cases for coordinated pretrial proceedings and, if so, where is based on a multi-factor calculus. This district, which has as many subject cases as any other and is among the districts with the fewest pending cases on its docket,[2] will certainly be among those jurisdictions considered for the MDL—particularly if, during the pendency of the

[2] *See,* Def. Mem. in Supp. of Mot. to Transfer (attached to Def. Mem. in Support of Stay) at 19. While the district court for the District of Columbia had 20 fewer cases on its docket in 2005, plaintiffs understand and believe that the affected cases originally filed in the District of Columbia have been withdrawn and that, as such, there are no affected cases currently pending in that district.

transfer motion, the Court denies the stay and schedules and rules on substantive matters, such as motions for expedited and limited discovery and preliminary injunction, which plaintiffs anticipate filing forthwith. *See, e.g., In re L.E. Lay & Co. Antitrust Litigation,* 391 F. Supp. 1054, 1056 (J.P.M.L. 1975)(factor considered by Panel in selection of transferee district is whether pretrial proceedings in particular forum are significantly more advanced than those in actions in other jurisdictions; also, on principles of comity, Panel is reluctant to transfer actions in which important motions are pending); *In re Compensation of Managerial, Professional, and Technical Employees Antitrust Litigation,* 206 F. Supp. 2d 1374, 1375-76 (J.P.M.L. 2002)(other factors being equal, actions appropriately transferred to district where judge was not currently burdened with another complex multidistrict docket); *In re Peruvian Road Litigation,* 380 F. Supp. 796, 798 (J.P.M.L. 1974)(among factors militating in favor of District of Idaho as most appropriate transferee forum were that transferee judge was familiar with issues and that transferee district had a significantly lighter civil action docket than other possible transferee districts and, therefore, the transferee judge would be able to devote quick attention to the litigation).

Verizon's suggestion that this Court's efforts would be wasted were the Panel to order the Rhode Island cases transferred to another district because the transferee judge would vacate this Court's orders is misguided. In general, principles of comity dictate that decisions by transferor courts be given great weight and observed by transferee courts. *See, e.g., In re Penn Central Securities Litigation,* 62 F.R.D. 181, 187 (E.D. Pa. 1974)(observing that it would be inappropriate for transferee court to permit party not to comply with previous orders of transferor judge). Furthermore, as is clear from the conduct of proceedings in districts outside Rhode Island, at least four district judges have implicitly rejected Verizon's

suggestion that permitting cases to proceed during the pendency of the transfer motion before the JPML would be a waste of judicial resources.

Verizon's final argument in support of a stay of all proceedings—that plaintiffs will not be prejudiced by a stay—is fundamentally misinformed. The principal aim of this action is to put an immediate stop to Verizon's unlawful, ongoing disclosures to the government of their telephone and internet communications records. *See,* Complaint ¶¶ 1-3. Thus, plaintiffs "are suing to enjoin this illegal conduct and hold Defendants responsible for these disclosures to the NSA, which have violated law and otherwise damaged the fundamental freedoms of the Plaintiffs and all those similarly situated." *Id.* at ¶ 3. To that end, plaintiffs have demanded preliminary and permanent injunctive relief and, among other things, intend forthwith to file a motion for preliminary injunction. *Cf., id.* at ¶ 3, 36 & Prayer for Relief. To preclude plaintiffs from pursuing immediate preliminary injunctive relief, particularly (as noted above) where plaintiffs in other jurisdictions are currently seeking such relief, would be inherently prejudicial to plaintiffs. Plainly, there is no merit in Verizon's claim that plaintiffs will not be prejudiced by a stay.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully submit that the Court ought to deny Verizon's motion for a stay of all proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation on defendants MDL transfer motion.

Respectfully submitted,
Plaintiffs,
By their Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

Michael A. St. Pierre (#2553)
**REVENS, REVENS & ST. PIERRE, PC**
946 Centerville Road
Warwick, RI 02886
(401) 822-2900
(401) 826-3246 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing was served by first class mail on this 13th day of June, 2006 on all counsel of record, listed below:

Howard A. Merten, Esq.
Robert K Taylor, Esq.
Partridge, Snow & Hahn, LLP
180 South Main Street
Providence, RI 02903

John A. Rogovin, Esq.
Samir Jain, Esq.
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 2006