**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

CA 06-220S

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Docket No. 1791 |

**_ROE_ PLAINTIFFS' MOTION FOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA FOR COORDINATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Plaintiffs Benson R. Roe and Paul Goltz hereby respectfully move the Judicial Panel on Multidistrict Litigation for an order: (a) transferring 31 actions (pending before 19 different federal district courts) to the Northern District of California; and (b) coordinating these actions for pretrial proceedings pursuant to 28 U.S.C. § 1407.

The *Roe* plaintiffs include a Schedule of Actions for Transfer and Coordination listing 31 pending actions which raise common questions of fact and law.[1] Seventeen of these actions are also subject to the Verizon Defendants' motion for transfer and coordination (filed on May 24, 2006).

Plaintiffs incorporate, except for the arguments regarding the appropriate venue, the legal arguments made by the Verizon Defendants in their motion for transfer and coordination. The *Roe* movants state the following, as more fully set forth in the accompanying

[1] Copies of available complaints for actions not included in the Verizon Defendants' motion are attached to the Schedule of Actions.

supporting memorandum, in support of their motion for transfer and coordination in the Northern District of California:

1. The subject actions allege participation by three different sets of corporate entities (AT&T, Verizon, and BellSouth) in a federal government program to intercept domestic telephone and internet communications and/or transfer their customers' telecommunications records to the federal government in the absence of a warrant, subpoena, or other legal authorization. The transfers allegedly violated various federal and state statutes, including but not limited to the Electronic Communications Privacy Act, 18 U.S.C. § 2701, *et seq.*

2. As required by 28 U.S.C. § 1407(a), the actions proposed for transfer and coordination involve common questions of fact as they each allege defendants illegally transferred customer telecommunications information to the federal government in the absence of legal authority.

3. Transfer and coordination will convenience the parties and witnesses and "will promote the just and efficient conduct" by reducing duplicative discovery, eliminating potentially conflicting rulings, conserving judicial resources, and minimizing disclosure of potentially classified information.

4. The United States District Court for the Northern District of California is the appropriate transferee venue. The first filed action, *Hepting, et al. v. AT&T Corp., et al.*, Case No. C-06-0672-VRW, is pending in that district before the Honorable Chief Judge Vaughn R. Walker. That action has progressed much further than the other actions, including Chief Judge Walker having read the government's classified motion to dismiss and the classified supporting materials.

This motion is based on the accompanying Memorandum in support of the motion, the pleadings and other materials on file herein, and other such matters as may be presented to the Panel prior to and at the hearing.

Dated: June 13, 2006

Respectfully submitted,

By: [signature]
Eric B. Fastiff

James M. Finberg
Barry R. Himmelstein
Michael W. Sobol
Eric B. Fastiff
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Plaintiffs Benson B. Roe and Paul Goltz in *Roe, et al. v. AT&T Corp., et al.*, Case No. C-06-03467-VRW, pending in the United States District Court for the Northern District of California

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

CA06-220S

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Docket No. 1791 |

**_ROE_ PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407**

## I. <u>INTRODUCTION</u>

Benson R. Roe and Paul Goltz, Plaintiffs in *Roe, et al. v. AT&T Corp., et al.*, Case No. C-06-03467-VRW (N.D. Cal., filed May 30, 2006), respectfully move the Judicial Panel on Multidistrict Litigation to transfer and coordinate the 31 subject actions, pursuant to 28 U.S.C. § 1407, to the Northern District of California. Pursuant to 28 U.S.C. § 1407, transfer and coordination pursuant to section 1407 is proper. The *Roe* Plaintiffs, however, disagree with the Verizon Defendants as to the appropriate venue.

Transfer to the Northern District of California is appropriate for at least three reasons:

- First, one of the four actions pending in the Northern District of California is significantly more advanced than any of the actions pending elsewhere; notably, Chief Judge Walker, presiding over the first-filed case, *Hepting, et al. v. AT&T Corp., et al.*, is the only judicial officer who has read the United States' classified memorandum and declarations

(including a declaration from the Director of National Intelligence, John Negroponte) supporting its motion to dismiss on "state secret" grounds;

- Second, the AT&T Defendants allegedly gave the National Security Agency ("NSA") real-time access to its customers' internet traffic within the Northern District of California, as asserted by the AT&T whistleblower, who also lives within the Northern District of California; and

- Third, there are no actions pending in the District of Columbia, the Verizon Defendants' forum choice.

## II. THESE ACTIONS ARE APPROPRIATE FOR TRANSFER AND COORDINATION

The 31[1] actions subject to this motion all allege that telecommunications companies, in violation of either state or federal law provided their customers' telecommunications records to the federal government in the absence of a warrant, subpoena, or

[1] *Roe, et al. v. AT&T Corp., et al.*, Case No. C 06-03467-VRW (N.D. Cal.); *Hepting, et al. v. AT&T Corp. et al.*, Case No. C-06-0672-VRW (N.D. Cal.); *Reardon, et al. v. Verizon Communications, Inc.*, Case No. 3:06-CV-03574-EDL (N.D. Cal.); *Campbell, et al. v. AT&T Communications of California, et al.*, Case No. 3:06-CV-03596-VRW (N.D. Cal.); *Souder, et al. v. AT&T Inc., et al.*, Case No. 06-CV-1058 DMS AJB (S.D. Cal.); *Fuller v. Verizon Communications, Inc., et al.*, Case No. 9:06-CV-77-DWM (D. Mont.); *Dolberg v. AT&T Corp.*, Case No. 9:06-CV-78-DWM (D. Mont.); *Potter v. BellSouth Corp.*, Case No. 3:06-CV-0469 (M.D. Tenn.); *Waxman v. AT&T Corp.*, Case No. 1:06-CV-2900 (N.D. Ill.); *Schwarz, et al. v. AT&T Corp., et al.*, Case No. 1:06-CV-2680 (N.D. Ill.); *Terkel, et al. v. AT&T Inc.*, Case No. 1:06-CV-2837 (N.D. Ill.); *Conner, et al. v. AT&T Corp., et al.*, Case No. 1:06-CV-00632-AWI-DLB (E.D. Cal.); *Harrington, et al. v. AT&T, Inc.*, Case No. 1:06-CV-00374-LY (W.D. Tex.); *Trevino v. AT&T Corp., et al.*, Case No. 2:06-CV-00209 (S.D. Tex.); *Bissit, et al. v. Verizon Communications, Inc., et al.*, Case No. 1:06-CV-00220-S-LDA (D. R.I.); *Mahoney v. AT&T Communications, Inc.*, Case No. 1:06-CV-00223-S-LDA (D. R.I.); *Mahoney v. Verizon Communications, Inc.*, Case No. 1:06-CV-00224-S-LDA (D. R.I.); *Mayer, et al. v. Verizon Communications Inc., et al.*, Case No. 1:06-CV-3650-LBS (S.D.N.Y.); *Marck, et al. v. Verizon Communications, Inc., et al.*, Case No. 2:06-CV-2455-JFB-MLO (E.D.N.Y.); *Solomon v. Verizon Communications, Inc.*, Case No. 2:06-CV-02193-JCJ (E.D. Pa.); *Mink v. AT&T Corp., et al.*, Case No. 4:06-CV-00831-DDN (E.D. Mo.); *Lebow, et al. v. BellSouth Corporation, et al.*, Case No. 1:06-CV-01289-RLV (N.D. Ga.); *Herron, et al. v. Verizon Global Networks, Inc., et al.* Case No. 2:06-CV-2491-JC2-KWR (E.D. La.); *Hardy v. AT&T Corporation, et al.*, Case No. 2:06-CV-02853-MLCF-SS (E.D. La.); *Hines, et al. v. Verizon Northwest, Inc., et al.*, Case No. 1:06-CV-06-694-AS (D. Ore.); and *Mink v. AT&T Corp., et al.*, Case No. 4:06-CV-00831-DDN (E.D. Mo.); *Cross, et al. v. AT&T Communications, Inc., et al.*, Case No. 1:06-CV-00847 (S.D. Ind.); *Suchanek III v. Sprint Nextel Corporation,* Case No. 1:06-CV-0071 (W.D. Ky.); *Basinski, et al. v. Verizon Communications Inc.*, Case No. 1:06-CV-04169 (S.D.N.Y.); *Electron Tubes Inc. v. Verizon Communications, et al.*, Case No. 1:06-CV-04048; *Payne v. Verizon Communications Inc., et al.*, Case No. 1:06-CV-04193; *Dubois v. AT&T Corp, et al.*, Case No. 5:06-CV-00085.

other lawful authority. For the reasons the Verizon Defendants (collectively "Verizon") presented in their Memorandum in Support of Transfer and Coordination, the *Roe* Plaintiffs agree the actions are appropriate for transfer and coordination, and the *Roe* Plaintiffs incorporate those arguments by reference and do not repeat them here except in summary form.

As Verizon argued, the underlying allegations in each of these class actions involve defendant telecommunications companies providing their customers' records to the federal government in the absence of any legal authority. Accordingly, the legal and factual claims of the subject actions are similar, the proposed class definitions overlap, the United States is likely to intervene in each of the cases, and the risk of inconsistent rulings and judgments exists. As the parties, classes, allegations, and legal issues overlap, this case is similar to the myriad of other actions transferred and consolidated pursuant to section 1407.

## III. <u>THE CASES SHOULD BE TRANSFERRED AND COORDINATED IN THE NORTHERN DISTRICT OF CALIFORNIA</u>

The Northern District of California is the proper venue for these actions for several reasons. First, the first-filed action, *Hepting, et al. v. AT&T Corp., et al.*, was filed in the Northern District of California on January 31, 2006, and has progressed much further than every other action. Currently assigned to Chief Judge Vaughn R. Walker, the action to date has involved extensive motion practice and hearings, including motions by the United States to intervene and to dismiss, motions by the AT&T Defendants to dismiss, motions by Plaintiffs for a preliminary injunction, and various scheduling, discovery, and administrative motions. The parties and, most importantly, the Court, have gained extensive knowledge about the statutory issues and the government's "state secret" assertions since the case was filed six months ago.

Critically, Chief Judge Walker ordered on June 6, 2006, that the government provide him with the government's classified motion to dismiss and supporting materials no later

than June 9. If, as the government contends, dissemination of information concerning the programs at issue would damage national security,[2] dissemination of the confidential information to other district judges and their staff should be minimized, not duplicated.

It is appropriate for the Panel to transfer subsequently filed cases to the district where another case has substantially advanced. *In re Canon U.S.A., Inc. Digital Cameras Prods. Liab. Litig.*, 416 F. Supp. 2d 1369, 1371 (J.P.M.L. 2006) (consolidating case in district of first-filed case which had "been pending longer, and is more procedurally advanced . . . ."). While the other three actions pending in the Northern District of California are not as advanced as the *Hepting* action, two of those actions have already been assigned to Judge Walker, the defendants have been served, and the cases are proceeding.

Second, the Northern District of California is closely connected to these actions. Cases involving two of the three defendant corporate families (AT&T and Verizon) are pending in that District. The AT&T whistleblower, Mark Klein, not only resided and worked in the Northern District of California, but alleged that it was in San Francisco that the federal government installed a special computer and routing system in an AT&T office so that a real-time duplicate of AT&T's customers' internet traffic was automatically routed to the federal government. The location of witnesses and facts strongly support transfer to the Northern District of California. *In re American Honda Motor Co., Inc., Oil Filter Prods. Liab. Litig.*, 416 F. Supp. 2d 1368, 1369 (J.P.M.L. 2006) (transferring actions to district where relevant documents and witnesses likely located); *In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, 408 F. Supp. 2d 1349, 1350 (J.P.M.L. 2005) (transferring actions to district where significant actions occurred).

[2] The *Roe* Plaintiffs do not agree with the government's assertion of national security as it pertains to the disclosure of customer calling records, the fact of which has already been highly publicized.

Finally, Verizon's motion for transfer to the District of Columbia suffers the fatal flaw that there are no actions pending in that district. The three actions pending in the District of Columbia have been voluntarily dismissed.[3] Verizon's additional argument that the District of Columbia is more appropriate than other districts because of its experience with national security issues is not supported by Verizon's citations. Simply because a few cases were filed in the District of Columbia does not make it the most appropriate venue for a case where key facts involving AT&T took place in the Northern District of California. Indeed, other than the government's nexus to the District of Columbia, these cases have no special relationship to that venue. Judges throughout the United States handle national security matters on a routine basis. For example, terrorism cases are pending in the Southern District of Florida, the Eastern District of Virginia, the Western District of New York, and the Eastern District of California.

Verizon is wrong when it argues that the government's conduct supports transfer to the District of Columbia. Rather, key elements of the conduct at issue took place in the Northern District of California, as that is where the government installed the computer at an AT&T facility, the technicians reside, and the whistleblower resides. Verizon's citations support, therefore, transfer to the Northern District of California. *See In re Solomon Bros. Treasury Sec. Litig.*, 796 F. Supp. 1537, 1538 (J.P.M.L. 1992) (designating as transferee court the district where the documents and witnesses relating to the defendant's conduct were located); *In re Air Disaster at Denver*, 486 F. Supp. 241, 243 (J.P.M.L. 1980) (same); *In re Air Crash Disaster at Stapleton International Airport*, 447 F. Supp. 1071, 1073 (J.P.M.L. 1978) (same); *In re U.S. Financial Sec. Litig.*, 375 F. Supp. 1403, 1404 (J.P.M.L. 1978) (same).

[3] The three actions were: *Driscoll, et al. v. Verizon Communications, Inc.*, Case No. 06-CV-00916-RBW; *Ludman v. AT&T, Inc.*, Case No. 06-CV-00917-RBW; and *Phillips v. BellSouth Corporation*, Case No. 06-CV-00918-RBW.

## IV. CONCLUSION

These actions should be transferred to the Northern District of California. The first-filed action, filed in that district six months ago, has proceeded so far that Chief Judge Walker has already read the government's classified memorandum and supporting materials. If national security concerns indeed have a place in this case, it is important not to increase unnecessarily the number persons who read these materials. Accordingly, the cases should be transferred to Chief Judge Walker in the Northern District of California, as he has spent the most time on these matters, has read the classified materials, and has gained extensive experience in ruling on several substantive and administrative motions regarding the legal and factual issues.

Dated: June 13, 2006

Respectfully submitted,

By: ______________________________
Eric B. Fastiff

James M. Finberg
Barry R. Himmelstein
Michael W. Sobol
Eric B. Fastiff
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Individual Plaintiffs Benson B. Roe and Paul Goltz in *Roe, et al. v. AT&T Corp., et al.*, Case No. C-06-03467-VRW, pending in the United States District Court for the Northern District of California



542279.1