IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES F. BISSITT, SANDRA BISSITT, GEORGE HAYEK, III, JUNE MATRUMALO, GERARD THIBEAULT, ARTHUR BOUCHARD, MARYANN BOUCHARD, ALDO CAPARCO, JANICE CAPARCO, JENNA CAPARCO, ROSE DELUCA, NICOLE MIRABELLA, PATRICIA POTHIER, PAUL POTHIER, MARSHALL VOTTA, VINCENT MATRUMALO, PAULA MATRUMALO, JENNIFER THOMAS, CHRISTINE DOUQUETTE, MARYANNE KLACZYNSKI, and all other persons similarly situated,

Plaintiffs,

v.

VERIZON COMMUNICATIONS INC.; BELLSOUTH CORPORATION,

Defendants.

C.A. No. 06-220-S-LDA

**STATEMENT OF INTEREST OF THE UNITED STATES IN SUPPORT OF VERIZON'S & BELLSOUTH'S MOTIONS FOR A STAY PENDING DECISION BY THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

## INTRODUCTION

Pursuant to 28 U.S.C. § 517,[1] the United States of America, through its undersigned counsel, hereby submits this Statement of Interest to support the separate motions of defendants Verizon Communications, Inc. ("Verizon") and BellSouth Corporation ("BellSouth") to stay this case pending a final decision by the Judicial Panel on Multidistrict Litigation ("JPML") on the

[1] Section 517 provides that the "Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." 28 U.S.C. § 517. A submission by the United States pursuant to this provision does not constitute intervention under Rule 24 of the Federal Rules of Civil Procedure.

motion to transfer this case and approximately thirty other similar cases (together, the "MDL Actions") to a single district court for pretrial proceedings. This case, like the other MDL Actions, contains allegations about certain telecommunications carriers' purported provision of telephone data and records to the Government and alleged assistance in classified government activities. Assuming that the MDL Actions are transferred to, and consolidated in, a single district court, the United States intends to assert the military and state secrets privilege (hereinafter, "state secrets privilege") in those actions and to seek their dismissal. The United States therefore respectfully submits that this case (like the other MDL Actions) should be stayed until the JPML's final decision. Counsel for the United States will attend any hearing on these motions should the Court wish to address the United States' position.

## BACKGROUND

Plaintiffs, subscribers of various communications services of Verizon and BellSouth bring this purported class action for damages alleging that defendants participated in a Government program pursuant to which they allegedly provided certain telephone records to the National Security Agency ("NSA") in violation of 18 U.S.C. § 2702 and the United State Constitution. Class Action Complaint ("Complaint") ¶¶ 29-52. Plaintiffs' claims thus seek to put at issue alleged foreign intelligence surveillance activities undertaken by the United States Government.

On May 24, 2006, Verizon Communications Inc., Verizon Global Networks Inc., and Verizon Northwest Inc. submitted to the JPML a motion for transfer and coordination pursuant to 28 U.S.C. § 1407. That motion requests that the JPML (1) transfer 20 virtually identical purported class actions (pending before 14 different federal district courts) to a single district court; and (2) coordinate those actions for pretrial proceedings pursuant to 28 U.S.C. § 1407.

This case is included as one of the 20 pending actions in this motion for transfer and coordination. The number of cases raising these issues continues to increase and now totals at least 30 actions. *See* BellSouth Motion at 1. The Clerk of the JPML filed Verizon's motion on May 24, 2006, and responses to that motion for transfer and coordination were filed on June 19, 2006. A hearing on the motion for transfer and coordination is scheduled for the next scheduled sitting of the JPML on July 27, 2006.

The day after moving the JPML for transfer and coordination of this and the other MDL Actions, on May 25, 2006, Verizon sought a stay from this Court. BellSouth filed its own motion to stay this action on June 15, 2006, citing the same reasons identified by Verizon.

**DISCUSSION**

As a general matter, it is well-established that every court has an "inherent" power to exercise its discretion to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants," including by staying proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Stone v. INS*, 514 U.S. 386, 411 (1995) ("we have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket . . . .'") (quoting *Landis*, 299 U.S. at 254). Courts routinely grant a stay of proceedings pending a decision by the JPML of whether to transfer the case under 28 U.S.C. § 1407. *See, e.g., Cline v. Merck & Co., Inc.*, No. S-06-487, 2006 WL 1409555, at *1-2 (E.D. Cal. May 19, 2006); *Stempien v. Lilly*, 3:06cv01811, 2006 WL 1214836, at *1-2 (N.D. Cal. May 4, 2006); *Gorea v. The Gillette Co.*, No. 2:05cv02425, 2005 WL 2373440, at *1 (W.D. Tenn. Sept. 26, 2005); *Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 423 (D.N.J. 2003); *Tench v. Jackson Nat. Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *1-2 (N.D. Ill. Nov. 12, 1999). In deciding whether to stay proceedings, courts

consider (1) whether judicial economy favors a stay; (2) potential prejudice to the non-moving party; and (3) hardship and inequity to the moving party if the action is not stayed. *See Board of Trustees of Teachers' Retirement System of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). The United States agrees with Verizon that this case, like all of the MDL Actions, should be stayed pending the decision of the JPML. Indeed, all factors point strongly in favor of granting the stay.

Most significantly, judicial economy clearly favors a stay of this litigation pending a decision by the JPML. *See Rivers*, 980 F. Supp. at 1360 (if the JPML grants the motion for transfer, the court "will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge"). Assuming that this case and the other MDL Actions are transferred to, and consolidated in, a single district court, the United States intends to assert the state secrets privilege and to seek the dismissal of those actions. The state secrets privilege permits the United States to protect against the unauthorized disclosure in litigation of information that may harm national security interests. *See United States v. Reynolds*, 345 U.S. 1, 7-8 (1953); *Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998). If upheld, a state secrets privilege assertion both excludes certain information from a case, and as a result often requires dismissal. *See Kasza*, 133 F.3d at 1166 ("'[I]f the very subject matter of the action' is a state secret, then the court should dismiss the plaintiff's action based solely on the invocation of the state secrets privilege.") (quoting *Reynolds*, 345 U.S. at 11 n.26). The United States believes that principle to be applicable to this case and the other MDL Actions; thus, in addition to asserting the state secrets privilege, upon transfer the United States also intends to seek dismissal of all of the MDL Actions.

This action is quite similar to the other actions subject to the MDL motion. The gravamen of plaintiffs' complaint here is the same as that of all the other cases: That the telecommunication providers acted unlawfully when they purportedly assisted the Government with respect to alleged surveillance activities, including, specifically, the provision of consumers' telephone call records and data to the NSA. Moreover, plaintiffs' complaint, like virtually all of the other MDL actions, raises legal claims under 18 U.S.C. § 2702. In addition, the class that plaintiffs seek to certify here is merely a subclass of the class sought to be certified by a number of other cases. Thus, the reasons that counsel in favor of transfer and coordination, which also apply to a stay until the JPML decides the pending transfer and coordination motion, apply with equal force to this and all MDL Actions. Because of the similarities in this and the other MDL Actions and given the uniform and coextensive interests of the United States across the various MDL Actions in asserting the state secrets privilege and seeking their dismissal, efficiency dictates that one court – rather than multiple courts proceedings on similar tracks – should decide the appropriateness and effect of the United States' assertion of the state secrets privilege in all the MDL Actions.

As defendants explain in their motions, the other relevant factors – *i.e.,* the potential prejudice to the moving and non-moving parties – also support a stay of litigation pending a decision by the JPML. The defendants and the United States would be unfairly burdened and prejudiced if a stay is not granted. Plaintiffs are clearly wrong in their assertion that it is "unfounded" that defendants will be subjected to duplicative proceedings. *See* Plaintiffs' Opposition to Verizon's Stay ("Pl. Opp.") at 4. Without a stay, the defendants and the United States would have to engage in pretrial proceedings and address plaintiffs' claims to have this matter certified as a class action as well as plaintiffs' assertions that defendants disclosed

plaintiffs' telephone communications records to the Government. That some other parties have agreed to stays, *see* Pl. Opp. at 4, does not lessen the fact that other actions are proceeding and that this action would therefore be unnecessarily duplicative of such actions. Requiring the defendants and the United States to engage in repeated briefing of those issues here is plainly unnecessary. All proceedings should be stayed pending a resolution of the United States' intended assertion of the state secrets privilege and dismissal in the MDL Actions. *See, e.g.*, *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005) (court should first consider threshold issues raised by the applicability of a rule barring adjudication relating to secret espionage agreements). Without such a stay, the defendants and the United States would be forced to litigate the issues involved in these motions in multiple fora, despite the pending motion for transfer with the JPML.

Plaintiffs will not be unduly prejudiced by a stay. This case was just filed on May 15, 2006, only days before the MDL petition was submitted to the JPML. Moreover, while plaintiffs assert that they will be moving for preliminary relief and that the purpose of their complaint is "to put an immediate stop to Verizon's unlawful, ongoing disclosures to the government," *see* Pl. Opp. at 6, plaintiffs have not, as of this filing, yet sought *any* relief from the Court that would be delayed by a stay of this action.[2] Similarly, plaintiffs' assertion that they will be harmed by a stay because they would be "preclud[ed] [] from [] seeking immediate injunctive relief for the grave harm they have," *see id.* at 3; *see also id.* at 6, rings hollow in light of their failure to seek any relief from the Court. Moreover, even if the motion to transfer is denied, any stay will likely be

---

[2] Indeed, merely seeking preliminary relief *after* another party seeks a stay does not demonstrate that this action has advanced to the point that plaintiffs would be prejudiced in the event that the Court grants the stay. If anything, it demonstrates only a transparent attempt to avoid transfer of this action by making it appear "significantly more advanced than those actions in other jurisdictions." Pl. Opp. at 5.

very brief given the pace of proceedings before the JPML. Responses to the MDL petition have already been filed and a hearing on the petition is scheduled for July 27, 2006. If the MDL petition is granted, plaintiffs will have an opportunity to present any motion to the assigned MDL court. In any event, proceedings surrounding the MDL petition will be expeditiously resolved and will thereby minimize any delay in this action. For these reasons, parties in many of the MDL Actions have agreed to stays of the respective cases. *See Basinksi v. Verizon Communications Inc.*, No. 06-cv-4169 (S.D.N.Y.) (stipulation filed, order not yet signed); *Hines v. Verizon Northwest, Inc.*, No. 06-cv-694 (D. Or.) (stipulation filed, order not yet signed); *Lebow v. BellSouth Corp.*, No. 06-cv-1289 (N.D. Ga.) (stipulation filed, order not yet signed); *Mahoney v. Verizon Communications Inc.*, No. 06-cv-224 (D.R.I.) (stipulation filed, order not yet signed); *Solomon v. Verizon Communications Inc.*, No. 06-cv-2193 (E.D. Pa.) (stipulation filed and order signed); *Mink v. AT&T*, No. 06-cv-831, (E.D. Mo.), *Trevino v. AT&T*, No. 06-cv-209 (S.D. Tex.); *Souder v. AT&T*, No. 06-cv-1058 (S.D. Cal.); *Cross v. AT&T*, No. 06-cv-0847 (S.D. Ind.); *Dubois v. AT&T*, No. 06-cv-0085 (W.D. Mich.). Moreover, other courts have stayed similar cases pending a decision by the JPML for the very reasons noted here.[3] *See Herron v.*

---

[3] Plaintiffs make reference to the two courts that have not granted stays in light of consideration of Verizon's motion for transfer and coordination. Pl. Opp. at 2-3. But in *Terkel*, the decision not to grant a stay was based in part on the fact that plaintiffs there had moved for a preliminary injunction. Of course, plaintiffs here have not sought preliminary injunctive relief, even though they claim they intend to seek it. Even so, the United States respectfully submits that Judge Kennelly should have granted a stay in *Terkel*. Only one other court has determined to proceed notwithstanding a stay request – a decision that was made before the United States could make its views known (because the United States was unaware that the Court was taking up the stay issue). *See Harrington et al., v. AT&T, Inc.*, 06-CV00374-LY (W.D. Tex.), Docket Entry 9. And while a stay has not been sought in *Hepting*, or the Eastern District of Michigan case plaintiffs' refer to (*ACLU*), in both of those cases extensive briefing has been completed and the United States has already invoked the state secrets privilege, which clearly distinguishes either case from this action.

*Verizon Global Networks Inc.*, No. 06-cv-2491 (E.D. La.) (motion was unopposed); *Mayer v. Verizon Communications Inc.*, No. 06-cv-3650 (S.D.N.Y.) (motion was unopposed).

Plaintiffs' only other argument is that the Court should not grant the stay because "[t]his district . . . will certainly be among those jurisdictions considered for the MDL." *See* Pl. Opp. at 4. If this argument were valid, courts would not routinely grant stays when the JPML had a motion for transfer and coordination under consideration. And yet stays are routine in cases like this. Whether the JPML will choose this district for the MDL proceedings is pure speculation and is certainly no reason not to grant the stay.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant Verizon's and BellSouth's Motions for a Stay Pending Decision by the Judicial Panel on Multi-District Litigation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

ROBERT C. CORRENTE
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Special Litigation Counsel

Alexander K. Haas

RENÉE S. ORLEANS
ANDREW H. TANNENBAUM

ALEXANDER K. HAAS (SBN #220932)
Trial Attorneys
alexander.haas@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20001
Phone: (202) 514-4782/(202) 307-3937
Fax: (202) 616-8470/(202) 616-8202
Attorneys for the United States of America

DATED: June 21, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing STATEMENT OF INTEREST OF THE UNITED STATES IN SUPPORT OF VERIZON'S & BELLSOUTH'S MOTIONS FOR A STAY PENDING DECISION BY THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION will be served by federal express overnight delivery on the following:

Amato A. DeLuca
DeLuca & Weizenbaum, Ltd
199 North Main Street
Providence, RI 02903

Howard A. Merten
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Michael A. St. Pierre
Revens, Revens & St. Pierre
946 Centerville Road
Warwick, RI 02886

David A. Wollin
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903

John A. Rogovin
Samir Jain
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006

[signature]