# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHARLES F. BISSITT, SANDRA BISSITT, GEORGE HAYEK, III, JUNE MATRUMALO, GERARD THIBEAULT, ARTHUR BOUCHARD, MARY ANN BOUCHARD, ALDO CAPARCO, JANICE CAPARCO, JENNA CAPARCO, ROSE DELUCA, NICOLE MIRABELLA, PATRICIA POTHIER, PAUL POTHIER, MARSHALL VOTTA, VINCENT MATRUMALO, PAULA MATRUMALO, JENNIFER THOMAS, CHRISTINE DOUQUETTE, MARY ANNE KLACZYNSKI, and all other persons similarly situated, Plaintiffs,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC. and BELLSOUTH CORPORATION, Defendants. | C.A. No. 06-220-S-LDA |

## REPLY IN SUPPORT OF DEFENDANT VERIZON COMMUNICATIONS INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Plaintiffs have failed to present any reason why this Court should not enter a stay in this matter pending a ruling by the Judicial Panel on Multidistrict Litigation ("Panel") on Defendant Verizon Communications Inc.'s ("Verizon") Motion for Transfer and Coordination of this and more than 30[1] similar actions currently pending in courts across the country. Plaintiffs in these actions all allege that certain defendant telecommunications companies, including

---

[1] In its initial motion to the Panel, filed on May 24, 2006, Verizon sought transfer and coordination of 20 class actions pending against Verizon and other defendants. An additional 15 lawsuits were filed on or after May 24, and three lawsuits were voluntarily dismissed. Verizon and other parties have already notified the Panel of the pendency of the 15 additional lawsuits and has requested that they be transferred and coordinated with the others.

Verizon, provided the National Security Agency ("NSA") and/or other government agencies with access to the content of and/or records concerning subscribers' calls. Verizon seeks transfer and pretrial coordination of these actions to minimize the risks of needless duplication of pretrial effort, including motions practice and any potential discovery; inadvertent disclosure of classified information; and inconsistent judgments. The Panel will consider this matter at its next hearing, scheduled for July 27, 2006. *See* Notice of Hearing Session and Hearing Session Order (J.P.M.L. June 15, 2006), attached as Exhibit A.

Plaintiffs agree that these cases warrant coordinated pretrial proceedings—a point they make explicit in their recent submission to the Panel regarding Verizon's Motion for Transfer and Coordination. *See Bissett* Plaintiffs' Response to Verizon Defendants' and Roe Plaintiffs' Motions for Transfer and Coordination Pursuant to 28 U.S.C. § 1407, *In re Nat'l Sec. Agency Telecomms. Records Litig.*, MDL Docket No. 1791 (filed June 19, 2006) (hereinafter "*Bissett* Plaintiffs' Response"), attached as Exhibit B, at 1 ("[T]he *Bissett* plaintiffs agree that the Panel ought to order the transfer of their action and all other related cases to a single district court for coordinated pretrial proceedings . . . ."). Plaintiffs simply disagree with Verizon—as well as BellSouth, AT&T, the Government, and most of the plaintiffs in other cases—as to the most appropriate forum for the proposed multidistrict litigation. Even though they acknowledge that "persuasive arguments" have been made for transfer to a different forum, plaintiffs would ultimately prefer that all 32 pending cases be coordinated in the District of Rhode Island, and they have filed their opposition to Verizon's motion for a stay in an apparent effort to shore up that argument. *See id.* at 1-2, 4.

The Court should reject plaintiffs' effort to influence the Panel's considerations by manipulating proceedings in this Court. The sensitive and complex legal issues that must be resolved at the very outset of this and all of the other similar proceedings should not be held

hostage to plaintiffs' wishes to obtain a particular forum for multidistrict litigation. This Court should refuse plaintiffs' invitation to move forward in the weeks before the Panel considers Verizon's transfer motion and grant Verizon's motion for a stay.

## ARGUMENT

Plaintiffs' arguments for pressing ahead with this litigation prior to the Panel's decision on Verizon's Motion for Transfer and Coordination—even as they concede that the motion should be granted—are unavailing. In their effort to resist the commonsense conclusion that a stay pending the Panel's decision would best promote the "just and efficient conduct" of this litigation, 28 U.S.C. § 1407, plaintiffs offer little more than a series of unfounded assumptions and implausible speculations. In the end, plaintiffs' opposition simply invites this Court to engage in needless duplication of effort that would not only waste judicial resources and impose a significant burden on the parties, but—as the United States' Statement of Interest makes clear—would also unnecessarily multiply the national-security concerns associated with the litigation of these cases.

*First*, although plaintiffs assert that proceeding with this case need "require[] no expenditure . . . of judicial resources whatsoever" (Opp. at 4), there is no question but that this case will require substantial and careful attention from the very outset. Plaintiffs themselves state that they intend "forthwith" to file motions for expedited discovery and a preliminary injunction. Opp. at 5. To resolve any such motions will, of course, require consideration of a number of complicated and sensitive issues. But critically, these are issues that cannot be avoided, even if, as plaintiffs suggest, the Court does nothing more than "compel[] Verizon at the very least to answer the complaint" while Verizon's Motion for Transfer and Coordination remains pending. *Id.* at 4. Because the claims in these cases concern the government's intelligence sources and methods, a threshold issue in this case will be whether and to what

extent those claims are barred by the privilege that protects military and state secrets. This issue must be resolved *before* Verizon could file an answer.

In its Statement of Interest in this case, the Government has noted that once the cases are transferred and coordinated, it "intends to assert the military and state secrets privilege" in all of the cases concerning its alleged post-September 11 surveillance activities and that it believes the state-secrets privilege "to be applicable to this case." U.S. Statement of Interest at 2, 4. Indeed, the Government has already asserted the state-secrets privilege in another case pending against AT&T, *Hepting v. AT&T Corp.*, No. 06-0672 (N.D. Cal.), and has sought immediate dismissal on state-secrets grounds. Following the Government's motion, Chief Judge Walker concluded that "the case cannot proceed and discovery cannot commence" until the court determined the applicability and effect of the state-secrets privilege, and directed the Government to supply classified documents for the court's *in camera* review. Order, *Hepting*, No. 06-0672 (N.D. Cal. June 6, 2006), attached as Exhibit C.

Thus, as in *Hepting*, the first responsive pleading likely to be filed in this case is not an answer, but a motion to dismiss on the ground that the suit is barred by the state-secrets privilege. And as in *Hepting*, resolution of that motion may well require the Court to undertake *in camera* review of classified information, at considerable cost of time and effort. This would not only be burdensome for the Court, the parties, and the Government, but it would also entail a substantial—and unnecessary—risk of inadvertent disclosure of classified information.

*Second*, any effort the Court expended on the consideration and resolution of the preliminary matters in this case would almost certainly be wasted. Indeed, it is highly unlikely that the Court could even resolve the threshold state-secrets issue before the Panel issues its ruling on the Motion for Transfer and Coordination. Plaintiffs' assurances to the contrary appear to rest on the theory that denying a stay will increase the odds that the Panel will transfer all of

the cases to this Court, rather than transfer this case elsewhere. Opp. at 4-5. This theory is misguided. To begin with, by that logic, every court to have been suggested as a potential venue before the Panel should forge ahead—resulting in the very duplication of time and effort that the multidistrict litigation process is designed to avoid. For that reason, requests to stay proceedings in light of a pending request for transfer and coordination are routinely granted. In any event, multiple practical considerations support Verizon's request for transfer to the U.S. District Court for the District of Columbia. To be sure, as plaintiffs note in their opposition (Opp. at 4 n.2), the plaintiffs' lawyers in the three cases pending in the District of Columbia strategically dismissed their own lawsuits the day after Verizon filed its motion to transfer the pending cases to that court. But, notwithstanding this attempt to game the system, the District of Columbia remains the logical center of gravity of these actions: Among other things, the court has secure facilities to store classified information; it is convenient for most of the parties, as well as the Government; and it has fewer cases per judge on its docket than virtually every other district court in which actions are currently pending. *See* Defendants Verizon Communications Inc., Verizon Global Networks Inc., and Verizon Northwest Inc.'s Motion for Transfer and Coordination Pursuant to 28 U.S.C. § 1407, *In re Nat'l Sec. Agency Telecomms. Records Litig.*, MDL Docket No. 1791, attached as Exhibit A to Verizon's Mem. of Law in Support of a Stay of All Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation, at 16-19. For these reasons, AT&T, BellSouth, and the Government have joined Verizon's request for transfer to the District of Columbia.

Even should the Panel decide to transfer the cases to another district, the odds simply do not favor keeping this lawsuit in this Court, as opposed to any one of the other federal district courts in which similar cases are pending. Plaintiffs in this case are among the very few parties in any of the actions that have suggested the District of Rhode Island as a possible

transferee forum. And even plaintiffs themselves acknowledge that "persuasive arguments have been made" for transfer to other jurisdictions. *Bissett* Plaintiffs' Response at 2.

Plaintiffs suggest in the alternative that even if this case is transferred to another court for pretrial proceedings, principles of comity will prevent the transferee forum from vacating this Court's decisions. Opp. at 5. This argument assumes, of course, that it will be possible to reach decision on any of the important preliminary matters at issue in this litigation before the Panel issues its order on transfer—an assumption that appears unrealistic, given that the Panel will consider the motion for transfer in just a few weeks. But in any event, the law is perfectly clear that "[t]he transferee judge may vacate or modify any order of a transferor court." 23A Federal Procedure, L. Ed. § 55:13 (2005). Although a transferee court might choose to enforce the transferor court's order in certain circumstances, it is simply not feasible to expect that the transferee court will enforce varying and potentially inconsistent decisions concerning the applicability and effect of the state-secrets doctrine and the other preliminary matters in these cases.

*Third*, plaintiffs' claim that Verizon will suffer no prejudice if its motion for stay is denied is similarly unfounded. Plaintiffs' assertion is based on their "understanding and belief" that Verizon has entered a "near-universal armistice in cases other than the within action." Opp. at 4. That belief is mistaken. To date, plaintiffs in 8 of the 19 cases currently pending against Verizon have stipulated to a stay of proceedings pending the Panel's decision, presumably because they recognized that a brief stay was the most efficient course and would avoid wasteful effort by the court and the parties.[2] And, contrary to plaintiffs' representations

---

[2] These cases are *Basinski v. Verizon Communications, Inc.*, No. 06-cv-4169 (S.D.N.Y.); *Hines v. Verizon Northwest, Inc.*, No. 06-cv-694 (D.Or.); *LeBow v. BellSouth Corp.*, No. 06-cv-1289 (N.D. Ga.); *Mahoney v. Verizon Communications Inc.*, No. 06-cv-224 (D.R.I.); *Solomon v. Verizon Communications Inc.*, No. 06-cv-2193 (E.D. Pa.); *Cross v. AT&T*, No. 06-cv-847 (S.D. Ind.); *Dubois v. AT&T*, No. 06-cv-85 (W.D. Mich.); and *Payne v. Verizon Communications Inc.*, No. 06-cv-4193 (S.D.N.Y.).

(Opp. at 2), courts have in fact granted stay motions in three additional cases.[3] But there remain *eight* cases pending against Verizon in which no stay has yet been entered or agreed upon. The plaintiffs in several of those cases have either already filed their opposition to Verizon's motion for stay or have stated that they intend to do so. If each of the judges presiding over each of those cases were to accept plaintiffs' reasoning, Verizon certainly would be "forced to simultaneously litigate multiple suits in multiple courts" (Opp. at 4) and would face a considerable risk of inconsistent judgments regarding important issues in the litigation. *See In re TransOcean Tender Offer Secs. Litig.*, 415 F. Supp. 382, 384 (J.P.M.L. 1976) ("[T]he likelihood of motions for . . . dismissal [or] summary judgment in [multiple] actions . . . makes Section 1407 treatment . . . necessary to prevent conflicting pretrial rulings and conserve judicial effort."). And in any event, if the Panel later transfers this case to another jurisdiction, Verizon will inevitably be forced to relitigate important threshold issues before the transferee judge. Such duplicative litigation would impose a substantial burden on Verizon. *See, e.g.*, *American Seafood, Inc. v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992).

*Fourth*, plaintiffs contend that their stated intent to seek injunctive relief alone merits pressing ahead with this litigation, even while the Panel considers whether to transfer the case to another court. Opp. at 6. Plaintiffs' contention is unconvincing. Plaintiffs filed their complaint more than a month ago, on May 15, 2006, and have yet to file a motion for a preliminary injunction. That delay significantly undermines any argument that they will suffer significant, much less irreparable, harm if asked to wait until the Panel considers Verizon's motion for transfer on July 27—a little more than a month from now. *See Hertz Corp. v. Gator*

---

[3] Courts granted Verizon's unopposed motions for stay in *Herron v. Verizon Global Networks Inc.*, No. 06-cv-2491 (E.D. La.), and *Mayer v. Verizon Communications Inc.*, No. 06-cv-3650 (S.D.N.Y.). In a third case, *Schwarz v.*

*Corp.*, 250 F. Supp. 2d 421, 427 (D.N.J. 2003) ("The fact that Hertz voluntarily delayed its seeking [a preliminary injunction], no matter how justified, however, weighs in favor of the Court's granting a short stay to allow the MDL Panel to decide the motion for consolidation.").

*Finally*, plaintiffs repeatedly point to four other cases in which challenges to the NSA program have been moving forward—cases to which Verizon is not a party[4]—as authority supporting their opposition to a stay. *See* Opp. at 2-3. Plaintiffs' reliance on these cases is misplaced.

As a preliminary matter, the judges in all four cases did not, as plaintiffs would have it, "implicitly reject[] Verizon's suggestion that permitting cases to proceed during the pendency of the transfer motion before the JPML would be a waste of judicial resources" (Opp. at 5-6). In *ACLU v. National Security Agency*, No. 2:06-cv-10204 (E.D. Mich.), the case before Judge Diggs Taylor, there simply was no question whether to proceed during the pendency of Verizon's Motion for Transfer and Coordination and no stay was even sought; since that case was filed solely against the Government and not the defendant telecommunications companies, it was not among the cases that Verizon identified for transfer and coordination.[5] Similarly, no motion for stay was filed in *Hepting*. That case was brought more than three months before any

---

*AT&T Corp.*, No. 06-2680 (N.D. Ill.), the court ruled, on the motion of one of Verizon's co-defendants, that the defendants in that case need not answer the complaint at this time. *See infra* note 4.

[4] Verizon is not involved in any of the cases cited at pages 2 to 3 of plaintiffs' opposition, including *Terkel v. AT&T Inc.*, No. 06C-2837 (N.D. Ill). Although the order in *Terkel* (attached as Exhibit A to plaintiffs' opposition) appears on its face to apply to a case in which Verizon has been named as a defendant, *Schwarz v. AT&T Corp.*, No. 06-2680 (N.D. Ill.), the court presiding over those cases later clarified that the *Terkel* order does not, in fact, apply to *Schwarz*, and that the defendants in that case need not answer the plaintiffs' complaint at this time. *See* Tr. of Proceedings, *Terkel*, June 9, 2006, attached as Exhibit D, at 11-12.

[5] Although Verizon did not designate them for transfer and coordination in its initial motion, earlier this week the Government moved to add the *ACLU* case and four other cases pending against the United States as a sole defendant to the proposed multidistrict litigation. *See* United States' Motion for Transfer and Coordination Pursuant to 28 U.S.C. § 1407 to Add Actions to MDL 1791 and Response to Verizon's Motion for Transfer and Coordination (J.P.M.L. filed June 19, 2006).

of the other cases against the defendant telecommunications companies. As a result, by the time Verizon filed its Motion for Transfer and Coordination on May 24, 2006, the plaintiffs in that case had already filed a motion for preliminary injunction; defendant AT&T and the Government, as defendant-intervenor, had filed motions to dismiss; and the court had already issued case management orders and scheduled hearings on the pending dispositive motions. AT&T, the named defendant in that case, has since explained that it believed that the case was sufficiently far along by this point that duplication of effort was unavoidable and accordingly did not seek a stay.

As for the remaining two cases that plaintiffs cite, *Harrington v. AT&T, Inc.*, No. AU06-cv-374 (W.D. Tex.), and *Terkel v. AT&T Inc.*, No. 06-2837 (N.D. Ill.), they also differ from this case. The court in *Terkel* decided to move forward with the litigation largely because plaintiffs sought *only* declaratory and injunctive relief and had already filed a motion for a preliminary injunction. Order, *Terkel*, No. 06C-2837, (N.D. Ill. June 9, 2006), attached as Exhibit A to plaintiffs' opposition, at 5-6. *Terkel* is therefore of limited relevance to the matter before this Court. Plaintiffs here do seek damages and, as noted above, they have yet to seek a preliminary injunction. Finally, in *Harrington*, the court made its decision on AT&T's stay motion without having heard from the United States (which apparently had not even known the court was considering the stay issue). And even there, contrary to plaintiffs' representations (Opp. at 2), the court *did* grant defendant AT&T's motion for a stay in part, presumably in an effort to conserve judicial resources: Although the court ordered AT&T to file a response to defendants' complaint, it stayed discovery and class certification issues. *See* Order, *Harrington v. AT&T, Inc.* (June 7, 2006), attached as Exhibit E.

In any event, to the extent that other courts have decided to press ahead in the face of compelling reasons to wait for the Panel's ruling, their decisions weigh *in favor of*, not

against, Verizon's motion to stay proceedings in this case. The more cases that remain actively litigated while the Panel considers Verizon's motion for transfer, the greater the litigation burden on the parties, the greater the risk of inconsistent judgments, the greater the chances that any judicial resources invested in the resolution of the preliminary issues in this case will be duplicative and ultimately wasted, and the greater the risk of inadvertent disclosure of state secrets.

**CONCLUSION**

For the reasons set forth above and in Verizon's opening memorandum, this Court should grant a stay pending the ruling of the Judicial Panel on Multidistrict Litigation on Verizon's Motion for Transfer and Coordination.

Respectfully submitted,

VERIZON COMMUNICATIONS INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Howard A. Merten (#3171)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: June 23, 2006

and

John A. Rogovin (admitted *pro hac vice)*
Samir Jain (admitted *pro hac vice)*
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
(202) 663-6363 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing REPLY IN SUPPORT OF DEFENDANT VERIZON COMMUNICATIONS INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION was mailed, postage prepaid, on this 23rd day of June, 2006 to:

Michael A. St. Pierre, Esq.
Revens, Revens & St. Pierre, P.C.
946 Centerville Road
Warwick, RI 02886

Amato A. DeLuca, Esq.
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Renée S. Orleans, Esq.
Andrew H. Tannenbaum, Esq.
Alexander K. Haas, Esq.
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., NW
Room 7328
Washington, DC 20530

David A. Wollin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Michael P. Kenny, Esq.
Jane F. Thorpe, Esq.
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424

______________________________

863725_1/5345-2