IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES F. BISSITT, SANDRA BISSITT, GEORGE HAYEK, III, JUNE MATRUMALO, GERARD THIBEAULT, ARTHUR BOUCHARD, MARYANN BOUCHARD, ALDO CAPARCO, JANICE CAPARCO, JENNA CAPARCO, ROSE DELUCA, NICOLE MIRABELLA, PATRICIA POTHIER, PAUL POTHIER, MARSHALL VOTTA, VINCENT MATRUMALO, PAULA MATRUMALO, JENNIFER THOMAS, CHRISTINE DOUQUETTE, MARYANNE KLACZYNSKI, and all other persons similarly situated,

C.A. No. 06-220S

Plaintiffs,

v.

VERIZON COMMUNICATIONS, INC., BELLSOUTH CORPORATION, Alias

Defendants.

**REPLY IN SUPPORT OF DEFENDANT BELLSOUTH CORP.'S MOTION TO STAY ALL PROCEEDINGS PENDING A RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Plaintiffs have failed to demonstrate any reason why this Court should not enter a stay in this matter pending a ruling by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") on Defendant Verizon Communications Inc.'s ("Verizon") Motion for Transfer and Coordination. BellSouth Corporation ("BellSouth") supports and incorporates herein Verizon's Reply in Support of its Motion to Stay. Furthermore, BellSouth sets forth the following by way of Reply to Plaintiffs' Objection to BellSouth's Motion to Stay.

First, at the time BellSouth filed its Motion to Stay on June 15, 2006, 30 related actions were pending in federal courts in 20 federal districts. Now, less than a month later, this number of cases has doubled, all of which are potentially subject to Verizon's Motion for Transfer pending with the Panel, which is scheduled for a hearing on July 27, 2006. All of these lawsuits allege the same basic facts: that certain defendant telecommunications companies, including BellSouth, provided the National Security Agency ("NSA") and /or other governmental agencies with access to the content of and/or records concerning subscribers' calls.[1]

Second, plaintiffs are in error in their assertion that each district court that has considered a motion to stay pending the decision of the MDL Panel has denied the motion. (Opp. at 2). To the contrary, as Verizon set forth in its Reply, courts have granted stay motions in at least three cases.[2] *See* Verizon Reply at 7.

Third, Plaintiffs' Objection to Verizon's Motion makes repeated references to four related cases where litigation has been moving forward and/or where stays have been denied.[3] *See* Opp. to Verizon's Motion at 2-3. Plaintiffs cite these four cases as primary authority for their opposition to a stay. Importantly, like Verizon, BellSouth is also not a party to any of those four cases. *See* Verizon Reply at 8. Furthermore, as Verizon noted in its Reply, each of those cases is distinguishable from the case at hand. *Id.* at 8-9.

---

[1] The following are the seven relevant cases currently pending in other districts against BellSouth: *Conner v. AT&T*, No. 06-at-00225 (E.D. Ca., filed May 23, 2006); *Potter v. BellSouth Corp*, No. 3:06-cv-00469 (M.D. Tenn., filed May 15, 2006); *Mayer v.* Verizon, No. 06-cv-3650 (S.D. NY, filed May 12, 2006); Herron *v. Verizon*, No. 06-2491 (E.D. La., filed May 15, 2006); *Lebow v. BellSouth*, No. 1:06-CV-1289 (N.D. Ga., filed May 25, 2006); *Schwarz v. AT&T*, No. 1:06-cv-02680 (N.D. Ill., filed May 15, 2006); *Derosier v. Cingular Wireless*, No. CV6-917-RSM (W.D. Wash., filed June 28, 2006).

[2] In both *Herron v. Verizon Global Networks, Inc.* No. 06-cv-2491 (E.D. La.) and *Mayer v. Verizon Communications Inc.*, No. 06-cv-3650 (S.D. NY), the defendants' unopposed motion to stay was granted. Additionally, proceedings have been effectively stayed in *Schwarz v. AT&T Corp.*, No. 06-2680 (N.D. Ill.). *See* Verizon's Reply, fn.3-4.

[3] The Plaintiffs rely on the following four cases, to which BellSouth is not a party: *Terkel v. AT&T Inc.*, No. 06C-2837 (N.D. Ill., filed May 22, 2006); *Harrington v. AT&T, Inc.*, No. AU:06-CV-00374-LY (W.D. Tex., filed May 18, 2006); *ACLU v. NSA*, No. 2:06-cv-10204 (E.D. Mich., filed Jan. 17, 2006); *Hepting v. AT&T Corp.*, No. C-06-0672-VRW (N.D. Cal., filed Jan. 31, 2006).

Finally, Plaintiffs' argument that their interests would be "significantly" and "unjustly" prejudiced if the Court were to grant a stay is unfounded. (Opp. at 2-3). To the contrary, the interests of both Plaintiffs and Defendants BellSouth and Verizon would best be served by a stay. Plaintiffs in numerous nearly identical cases have recognized the mutually beneficial effects of a stay of the proceedings pending the decision of the MDL Panel and have agreed to a stipulated stay of the proceedings.[4] Both sides would benefit from the conservation of judicial resources and the increase in judicial efficiency that a stay would bring. The defendants would certainly be particularly prejudiced by the inconsistent decisions and duplicative pleadings that may result in the absence of a stay.

For these reasons, and for the reasons and authorities set forth in BellSouth's opening memorandum, as well as the reasons and authorities cited by Verizon in its Reply to Plaintiffs' Opposition, BellSouth respectfully requests that the Court grant its requested stay of proceedings

[4] On June 21, 2006, BellSouth reached a stipulated stay in *Lebow v. BellSouth Corp*, No. 1:06-cv-1289 (N.D.Ga., filed May 26, 2006). Additionally, as cited in Verizon's Reply, plaintiffs in 8 of the 19 cases pending against Verizon have stipulated to a stay of proceedings. *See* Verizon Reply at 6.

pending the ruling of the Judicial Panel on Multidistrict Litigation on Verizon's Motion for Transfer and Coordination.

Dated: July 12, 2006

Respectfully submitted,

David A. Wollin // Joseph Avanzato #4774

David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Phone: (401) 274-7200
Fax: (401) 751-0604

Michael P. Kenny (admitted *pro hac vice*)
Jane F. Thorpe (admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

*Attorneys for BellSouth Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the Foregoing Reply In Support Of Defendant Bellsouth Corp.'s Motion To Stay All Proceedings Pending A Ruling By The Judicial Panel On Multidistrict Litigation upon all Counsel of record via United States Mail with adequate first class postage affixed thereon, addressed as follows:

Michael A. St. Pierre, Esq.
REVENS REVENS & ST.
PIERRE, PC
946 Centerville Road
Warwick, RI 02886

Amato A. DeLuca, Esq.
DELUCA & WEIZENBAUM, LTD.
199 North Main Street
Providence, RI 02903

Renee S. Orleans, Esq.
Andrew H. Tannenbaum, Esq.
Alexander K. Haas, Esq.
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., NW
Room 7328
Washington, D.C. 20530

Howard A. Merten, Esq.
Robert K. Taylor, Esq.
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903

John A. Rogovin, Esq.
Samir Jain, Esq.
WILMER CUTLER PICKERING HALE and DORR LLP
1875 Pennsylvania Ave., NW
Washington, D.C. 20006

This 12th day of July, 2006.

Carole Vilandrie
387182_1.doc